UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN E. JOHNSON                                                                      PLAINTIFF

VERSUS                                                              NO: 1:13CV39-HSO-RHW

DWAIN BREWER                                                                       DEFENDANT

## PROPOSED FINDING OF FACT AND RECOMMENDATION

Before the Court is John E. Johnson's Petition for a Writ of Habeas Corpus [1] filed

pursuant to 28 U.S.C. §2254.  Johnson is in the custody of the Mississippi Department of

Corrections following his conviction for murder which was later reversed and remanded by the

Mississippi Court of Appeals for re-sentencing on the lesser included offense of manslaughter.

Plaintiff alleges in his petition that (1) the evidence presented in his trial was insufficient to

support the verdict; (2) the verdict was against the weight of the evidence; (3) his Sixth

Amendment right to a trial was violated when the Mississippi Court of Appeals reversed and

remanded his conviction for murder and directed that he be sentenced for the lesser included

charge of manslaughter; and (4) the trial court violated his due process rights when it did not

provide Johnson with a trial transcript for the purpose of filing a pro se appeal.

## Law and Analysis

This Court must consider Johnson's claims in light of the provisions of the Antiterrorism

and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2254 (d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision unreasonably applies Supreme Court precedent if it identifies the correct legal rule but unreasonably applies it to the facts of the case, or if it unreasonably extends, or unreasonably refuses to extend, a legal principle from existing Supreme Court precedent to the facts of the case. *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Deference is critical because federal courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002). Additionally, the factual findings underlying a state court's decision are presumed to be correct unless the petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell,* 274 F.3d 941, 947 (5th Cir.2001). The AEDPA's second prong requires that federal courts defer to a state court's factual determinations unless it is based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

### Issue (1):  Sufficiency of the Evidence

Petitioner contends that the evidence presented at trial was insufficient to support the verdict. More specifically, he asserts that the evidence was insufficient to support the verdict as to his self-defense claim. A challenge to the sufficiency of the evidence supports a claim for habeas relief only if the evidence, viewed in the light most favorable to the State, is such that no

reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).  The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins,* 968 F.2d 465, 468 (5th Cir.1992) (citation omitted).

Johnson appealed his conviction for murder, contending that there was insufficient evidence to support the verdict.  The Mississippi Court of Appeals reviewed the evidence presented at trial and determined that all of the elements of murder were not met.  However, the court determined that the elements of manslaughter, a lesser-included charge, were sufficiently met and used the "direct-remand" rule to direct that Johnson be resentenced for manslaughter.  *Johnson v. State*, 52 So.3d 384, 396 (Miss. Ct. App. 2009).  There were multiple eyewitnesses who testified to the fact that Johnson shot and killed Keith Franklin.  *Id.* at 388-89.  In fact, Johnson even testified to the fact that he shot Franklin.  *Id.* at 388.  However, the court determined that "Johnson lacked malice aforethought or wanton recklessness when shooting Franklin during the altercation." *Id.* at 396.  Rather, "the killing was more appropriately a killing in the heat of passion or a situation of imperfect self defense." *Id.*

The state appellate court also considered the issue of Johnson's self-defense claim.  The court noted that the trial court gave a self-defense instruction but that the jury rejected Johnson's claim to self-defense.  *Id.* at 398.  The evidence and testimony at trial indicated that Franklin and Johnson engaged in an argument just prior to the shooting.  *Id.* at 388-89.  During the argument, Johnson remained seated in his truck while Franklin was standing at the side of the truck in

possession of a beer bottle.  *Id.*  Johnson then began slowly to drive away, at which point Johnson shot Franklin.  *Id.*

In his petition, Johnson argues that he was in his vehicle attempting to leave the scene when Franklin came through the window with a beer bottle and attacked him; therefore, he was acting in self-defense.  *See* doc. [1] at 5.  The appellate court considered the self-defense claim and concluded that "Johnson's claim of necessary self-defense has one glaring flaw:  He occupied a vehicle that obviously had the capability to provide him a means of escape from Franklin's presence." *Johnson*, 52 So.3d at 398.  The undisputed testimony indicated that Johnson was in the driver's seat during the incident and that Johnson never took off his seat belt.  *Id.* at 388. Other witnesses testified that the shooting occurred only after Johnson began to drive away.  *Id.* at 388-89.  The appellate court held that "a reasonable juror of average prudence could have determined from the evidence that Johnson had a 'reasonable mode of escape' from the situation." *Id.* at 398.

Johnson has not presented evidence in his habeas petition that overcomes the deference due to the state appellate court's decision with respect to sufficiency of the evidence.  Nor has Johnson explained how the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law.  He also has not explained how the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented.  Although Johnson presented an alternate interpretation of the evidence regarding his self-defense claim, the jury was free to accept or reject that claim and weigh the evidence as it saw fit.  In this case, as explained by the state appellate court, there was sufficient evidence by which the jury could have rejected Johnson's self-defense claim.

## Issue (2):  Weight of the Evidence

In a closely related issue, Petitioner asserts that the weight of the evidence is insufficient to support his conviction.  He asserts that the overwhelming weight of evidence established that he acted in necessary self-defense.  The "weight" of evidence does not amount to a constitutional claim.  *See Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir.1985) ("[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence ...").  Unlike a sufficiency of the evidence claim, a weight- of-the-evidence claim requires an assessment of the credibility of the evidence presented at trial.  *Tibbs v. Florida,* 457 U.S. 31, 37-38 (1982).  Hence, the undersigned concludes that Johnson's weight-of-the-evidence claim is not properly before the Court.

Even if the undersigned were to consider Johnson's weight-of-the-evidence claim, it is without merit.  In reviewing Petitioner's claim, the Mississippi Court of Appeals referred to its discussion on the sufficiency of the evidence and found again that "the evidence preponderates heavily against a depraved-heart murder conviction".  *Johnson*, 52 So.3d at 397.  However, the appellate court concluded that Johnson was guilty of the lesser included offense of manslaughter. *Id.*  As discussed above, there was ample evidence to support the conclusion that Johnson intentionally shot Franklin.  The appellate court determined that the jury justifiably rejected Johnson's self-defense claim.  Johnson has not explained how the appellate court's decision was contrary to, or involved an unreasonable application, of clearly established federal law.  Nor has he explained how the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented.  Thus, the undersigned finds this claim to be without merit.

**Issue (3):  Sixth Amendment Right to a New Trial**

Petitioner also contends that he was denied his Sixth Amendment right to a new trial on the lesser included charge of manslaughter.  Johnson asserts that because the Mississippi Court of Appeals determined that the evidence presented at trial was insufficient to support a verdict of murder he is entitled to a new trial.  The Mississippi Court of Appeals remarked that a new trial would be appropriate if there was a possibility of guilt on both the principal (murder) and lesser-included (manslaughter) offenses.  *Id.* at 397.  Finding that the elements of murder had not been met, the court nevertheless found that the "record provides ample support for a verdict of manslaughter".  *Id.*

According to Mississippi state law, "when a conviction is reversed due to insufficient evidence, 'no new trial is required and the defendant may be remanded for resentencing on the lesser included offense.'"  *Shields v. State*, 722 So.2d 584, 385-86 (Miss. 1998).  The practice of direct-remand is not foreign to federal courts.  "In certain limited circumstances, we may exercise our power under 28 U.S.C. § 2106 and reduce a conviction to a lesser included offense."  *United States v. Hunt*, 129 F.3d 739, 744 (5th Cir. 1997).  *See also Rutledge v. United States*, 517 U.S. 292, 306 (1996)("federal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense.").  Moreover, remand for sentencing on a lesser included offense is a proper remedy and a "common sense solution of avoiding…another trial" where the elements of the lesser included offense are sufficiently met.  *Tapp v. Lucas*, 658 F.2d 383, 386 (5th Cir. 1981).  *Tapp* presented a situation substantially similar to the instant case.  On habeas review, the Fifth Circuit approved the Mississippi

6

Supreme Court's remand for sentencing where it reversed the petitioner's murder conviction but concluded that the petitioner was guilty of the lesser included offense of manslaughter.  *Id.* (holding that "[t]he jury's verdict that Tapp was guilty of murder means a fortiori that the jury considered Tapp guilty of the lesser included offense of manslaughter as well.").

Here, Petitioner has failed to allege an unreasonable or incorrect interpretation of federal law that amounts to a Constitutional violation.  Case law from both the Mississippi state courts and Fifth Circuit allow for an appellate court to remand for resentencing on a lesser included offense.  When the jury found Johnson guilty of murder, it necessarily found beyond a reasonable doubt that the evidence supported all of the elements of the lesser included offense of manslaughter.  *See Johnson*, 52 So.3d at 394-97.  Petitioner fails to explain why a new trial would be constitutionally required under these circumstances.

**Issue (4):  Right to Trial Transcript**

Finally, Petitioner asserts that he was not provided with a copy of his trial transcript for the purpose of filing a pro se appeal.  Petitioner concedes that he did not exhaust his state remedies on this claim.  *See* doc. [1] at 10.  Exhaustion is a mandatory prerequisite for federal review.  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State...."  28 U.S.C. § 2254(b)(1)(A).  Petitioner cannot elect to bypass exhaustion merely because he fears the state courts would not rule in his favor or because exhaustion would require additional time.  Petitioner must present the claims in his habeas petition to the state's highest court in order to provide the state courts with a

fair opportunity to consider and pass upon the claims.  *O'Sullivan v. Boerckel,* 526 U.S. 832, 842 (1999).

Petitioner indicates that he made four requests for his trial transcript from August 2011 to December 2011.  Johnson asserts that despite these repeated requests, he received no response from the trial court.  There is no absolute right to a free copy of a trial transcript.  *Bennett v. United States*, 437 F.2d 1210, 121 (5th Cir. 1971).  Petitioner was represented by counsel for the direct appeal of his criminal conviction.  If a petitioner is represented by counsel who has access to his records, there is no Constitutional requirement that the petitioner be provided a physical copy of his trial transcript.  *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973).  As demonstrated by the state court record, Johnson continued to be represented by counsel as late as December 7, 2011, when attorney George S. Shaddock filed a petition for writ of certiorari on Johnson's behalf.  *See* doc. [9-11] at 82, 84-87.  Hence, Johnson was represented by counsel during the time that he was seeking a copy of the trial transcript.  Johnson has not demonstrated a constitutional right to a copy of the trial transcript, nor has he identified any particular need for the transcript or prejudice caused by his failure to have a copy of the transcript while he was prosecuting any pro se appeals.  Thus, Johnson's claim, whether exhausted or not, fails to warrant habeas relief.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Johnson's 28 U.S.C. § 2254 petition for writ of habeas corpus be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must

serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 25th day of September 2013.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE